THE STATE *vs.* PATRICK MAXWELL'S LIQUORS.

The act of 1854 with regard to spirituous liquors (Gen. Statutes, p. 696) provides for proceedings before a justice of the peace for the seizure and confiscation of liquors and for an appeal by the owner to the Superior Court; such proceedings to be held to be proceedings in rem and not criminal proceedings and to be proceeded with as civil actions. An act passed in 1867, " in addition to the act regulating civil actions," provides that no appeal from a justice of the peace by a defendant shall be allowed except upon oath, and repeals all acts inconsistent therewith. Held that the latter act does not apply to an appeal taken from proceedings of the character above stated under the act with regard to spirituous liquors.

Held also that the case should be put on the docket of civil causes in the Superior Court.

COMPLAINT under the 22d, 23d, 24th and 25th sections of the act relating to taverns and spirituous liquors, for the seizure and confiscation of liquors claimed to be kept for unlawful sale ; brought before a justice of the peace and appealed by Patrick Maxwell, who claimed to be, and appeared before the justice as, the owner of the liquors, from a judgment of confiscation by the justice to the Superior Court in Hartford County. In the Superior Court the attorney for the state moved that the case be erased from the docket, because the appeal was taken without the filing of an affidavit as to his belief in the validity of the defence by the appellant or his attorney, claiming that such affidavit was required by the act of 1867. That act is entitled " an act in addition to

an act for the regulation of civil actions." The second section of the act is as follows:—" No cause shall be appealed from the judgment of a justice of the peace by the defendant therein, unless he shall first file with such justice an affidavit of himself or his attorney that he verily believes he has a good and valid defense and that he takes the appeal in good faith and not for the purpose of delay ; which affidavit shall become a part of the record in such cause." The third section repeals all acts and parts of acts inconsistent with the act. The attorney for the state also moved that the case, if the appeal was not dismissed, should be placed on the civil docket of the court.

The court reserved the questions arising on the motion for the advice of this court.

*Hamersley*, State's Attorney, and *Stanton*, in support of the motion.

*McManus*, with whom was *Merrill*, contra.

BUTLER, J. In this case the motion to dismiss for want of jurisdiction must be denied. The case is not a civil action, within the meaning of the statute relating to civil actions, nor the act in addition, passed in 1867, requiring an affidavit in case of an appeal from a judgment of a justice of the peace·

The statute under which the proceedings in question were had and the appeal taken, is a special and peculiar statute in relation to a special subject of police regulation, and was originally criminal and penal in all its features. No other view of it could be taken on principle, nor has any other view of it ever been taken by this court. In *Hine* v. *Belden*, 27 Conn., 384, the court, although it did not decide the question intimated very clearly that they should have so holden if it had been important to do so in that case.

By the act of 1857, which now forms section 45th of the special statute, the particular provisions of the law, which authorized proceedings to obtain the forfeiture of the liquor, under sections 22d to 25th of the act, and the proceedings pre-

scribed by those sections, were declared to be " proceedings in rem," to be proceeded with as in civil actions. The statute of 1857 was a singular one.    The proceedings prescribed in the sections in the special act to which it refers are numerous and peculiar, particular even as to forms, and intended to provide for every contingency and every necessary step required to be taken in the execution of that part of the law. Not one of those prescribed steps, forms or proceedings was repealed or qualified by the act of 1857, and no effect has ever been given to that act by which any of the proceedings under the act relating to civil actions have been substituted for, or permitted to operate upon, any of the provisions or proceedings prescribed by the act relating to taverns and spirituous liquors.    Effect has been given to the act of 1857, in respect to incidental proceedings not provided for or prescribed in the special statute, in a few particulars.    Thus, the justice if absent on the return day has been permitted, by force of a provision in the act relating to civil actions, to call the parties before him at a future day, (*Hine* v. *Belden*, 27 Conn., 384,) and so the parties have been permitted to testify and counsel to open and close the argument upon the trial of the issue, pursuant to the provisions of a statute relating to civil actions, or the practice in civil cases.    But no provision or regulation of any statute relating to civil actions has been permitted to interfere with the operation of a clearly prescribed proceeding in the statute relating to taverns &c.

Section 45th is an operative section in the special act, so far as it can be properly operative, undoubtedly, but it is apparent upon its face that it was not intended to alter or interfere with the proceedings described in the 22d, 23d, 24th and 25th sections, nor was it intended to invoke the operation of any other statute, to alter, add to, or interfere with, those proceedings. It says, " proceedings &c. under certain sections (naming them) shall be held to be proceedings in rem &c." They were therefore intended to be and are the proceedings by which liquor is to be seized and forfeited, and must be strictly pursued as such.    Neither the provisions of the statute of 1867, nor of any other statute relating to civil actions,

is operative upon them, and the act of 1857, now section 45th of the prinicipal act, is limited in its operation to the practice of the courts in which the proceedings are had, or to some matter not inconsistent with the proceedings as prescribed, by which they may be aided. If these views are correct it follows that the act of 1867 was inoperative in relation to the right of appeal given by the special act referred to, there being confessedly nothing in the former act evincing an intent to make it applicable to the latter.

But it is unquestionably true as we have intimated, that by the 45th section of the special act the proceedings are to be had and pursued in the Superior Court, pursuant to the rules and regulations which govern the practice of that court in civil actions, whether statutory or otherwise. By the provis- ions of the special act relating to taverns &c. the claimant of the liquor is entitled to a trial by jury, but that right he may waive by agreement or by closing the issue to the court. In this case it appears by the record that the issue is so closed.

The Superior Court is therefore advised to retain jurisdic- tion of the case, and enter it in the court docket to be pro- ceeded with thereafter according to law and the rules of the court.

In this opinion the other judges concurred.